[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12461
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00022-RH-MAF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT YOUNG,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 16, 2021)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Robert Young, pro se, appeals the district court's denial of compassionate

release under § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194

("First Step Act") and 18 U.S.C. § 3582(c)(1)(A).  Young sought compassionate release through a motion for an indicative ruling.[1]  On appeal, Young argues that the district court abused its discretion because it failed to adequately discuss the 18 U.S.C. § 3553(a) factors and give specific factual reasons in: (1) its order for an indicative ruling denying relief; and (2) again in its order denying his motion for reconsideration.  After careful review, we affirm.

We review de novo whether a district court had the authority to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  However, because § 3582(c)(1)(A) uses the permissive term "may" when it grants district courts the authority to reduce a term of imprisonment for extraordinary and compelling reasons, we review a denial of a motion for compassionate release for abuse of discretion.  See, e.g., id. (reviewing for abuse of discretion the denial of a sentence reduction under § 3582(c)(1)(B) based on a retroactive statutory change); United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009) (reviewing for abuse of discretion the denial of a sentence reduction under § 3582(c)(2) based on a

---

[1] Young was originally sentenced in 2013 to 188 months' imprisonment, but in 2018, he received a reduced sentence of 132 months following a § 2255 motion he brought based on Johnson v. United States, 135 S. Ct. 2551 (2015).  The government appealed Young's new sentence, and that appeal remains pending.  In the interim, Young filed the instant motion in district court for an indicative ruling seeking compassionate release, and we review that ruling in this appeal.  See Fed. R. Crim. P. 37(a)(2)-(3) (If a timely motion is made for relief that the district court lacks authority to grant because of a docketed and pending appeal, the court may deny the motion or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

retroactive amendment to the guidelines).  We also review the denial of a motion for reconsideration for abuse of discretion.  United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).  We liberally construe the pleadings of pro se litigants. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  When Congress enacted the First Step Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate release of federal prisoners.  See First Step Act § 603.  Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director.  See First Step Act § 603(b).

3

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[2] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction.[3] The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. See U.S.S.G. § 1B1.13; id., comment. (n.1).

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[3] Section 1B1.13's list of extraordinary and compelling reasons for compassionate release includes: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the age of the prisoner, being at least 65 years old, who is experiencing a serious deterioration in physical or mental health and has served a certain portion of his term of imprisonment; (C) the death or incapacitation of the caregiver of the prisoner's minor child; and (D) other reasons as determined by the Director of the BOP. U.S.S.G. § 1B1.1, comment. (n.1). Notably, we have not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. Nevertheless, we need not address that issue because it is clear that the district court denied Young relief based on its consideration of the § 3553 factors and not based on the extraordinary and compelling reasons inquiry.

4

Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

In Chavez-Meza v. United States, the Supreme Court reviewed a district court's order reducing a movant's sentence under § 3582(c)(2), which used an administrative form stating that it considered the motion, the § 3553(a) factors, and the relevant policy statement. 138 S. Ct. 1959, 1964-65 (2018). In its review, the Supreme Court noted that since a sentence modification is not a plenary resentencing proceeding, it could not ignore the record from the initial sentencing, "turn a blind eye to what the judge said at petitioner's initial sentencing," or consider only what the judge said when modifying the sentence. Id. at 1967. It also observed that the

movant's case was simple and that all the proceedings involved the same judge. Id. The Supreme Court held, based on the record as a whole, including prior sentencing proceedings, that it was "satisfie[d] that the judge considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority," rendering its minimal order sufficient. Id. at 1967-68 (quotation omitted).

Here, in its indicative ruling, the district court assumed without deciding that Young's hypertension diagnosis satisfied the extraordinary and compelling circumstances inquiry and that he was eligible for compassionate release. Thus, the only issue on appeal is whether the district court abused its discretion by determining that compassionate release was not warranted in light of the § 3553(a) factors. Based on our review of the record -- which includes not only the district court's indicative orders denying compassionate release and reconsideration, but also its statements at Young's prior sentencing hearings, which were presided over by the same judge -- the district court did not abuse its discretion in denying Young compassionate release. See id.

As the record reflects, the district court expressly said that it was denying Young compassionate release "[a]s a matter of discretion, and upon consideration of the 18 U.S.C. § 3553(a) factors and all the circumstances." The district court added that the BOP was not precluded from releasing Young to home confinement under the Coronavirus, Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 §

6

12003(b)(2), if the BOP chose to do so. Then, in its order denying Young's motion for reconsideration, the district court disagreed with Young's claim that its earlier ruling "failed to take into account all relevant factors," explaining that "Mr. Young lost the motion not because anything was overlooked, but because, as a matter of discretion, taking into account the entire record and the 18 U.S.C. § 3553(a) sentencing factors, I concluded Mr. Young's sentence should not be shortened -- that he should not be released." While the district court did not explicitly discuss each of the § 3553(a) factors on the record, it was not required to do so; its repeated acknowledgment that it had considered them and the entire record was sufficient. See Chavez-Meza, 138 S. Ct. at 1967-68; Kuhlman, 711 F.3d at 1326; Sarras, 575 F.3d at 1219.

This is especially true since the district court had already reduced Young's sentence -- at Young's recent resentencing following a previous § 2255 motion -- well below the 188-235 month guidelines range, to a total 132-month sentence, and had given a detailed explanation for this below-guidelines sentence. There, the court said it had considered the 3553(a) factors, taking "into account very much" Young's post-sentencing rehabilitation in prison, where Young had taken a lot of classes, acquired skills, and done well. In addition, the court observed that Young had a substantial criminal history -- including his convictions for battery on a pregnant woman, manslaughter, and second-degree burglary -- which the district court

7

deemed "in the ballpark" of the criminal history for a typical career offender. The district court concluded: "[m]y best judgment is that 132 months is sufficient but not greater than necessary to achieve the sentencing purposes. That's the sentence I'm going to impose."

In short, because the same district court repeatedly considered the § 3553(a) factors in sentencing Young and had already imposed a sentence significantly below his guideline range, we cannot say the district court abused its discretion in denying Young compassionate release relief through an indicative ruling. Nor, for the same reasons, can we say that the district court abused its discretion in denying his motion for reconsideration. See Llewlyn, 879 F.3d at 1294. Accordingly, we affirm the judgement of the district court denying Young's application for compassionate release.

**AFFIRMED**.